**IT IS ORDERED as set forth below:**

Date: October 06, 2010

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 11 |
| KIAMSHA COMMUNITY | ) | |
| DEVELOPMENT CORPORATION INC., | ) | CASE NO. 10-72520-WLH |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DONALD F. WALTON, | ) | |
| United States Trustee, Region 21, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| GRADY A. ROBERTS, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

This matter came before the Court on the Order and Notice of Hearing on Imposition of Sanctions on Attorney Grady A. Roberts in Response to United States Trustee's Motion for Imposition of Sanctions Pursuant to Rule 9011 ("9011 Order") dated September 9, 2010.

1

Appearing before the Court on behalf of the United States Trustee was James H. Morawetz, David S. Weidenbaum and Vivieon E. Kelley, and on behalf of Ridgestone Bank was Nicholas John Roecker.  Mr. Roberts did not attend the hearing.

As stated in the 9011 Order, the Court has found that Mr. Roberts violated Fed. R. Bankr. P. 9011(b)(1) by, *inter alia*, filing the bankruptcy petition in the above-referenced case for the improper purpose of harassing Ridgestone Bank and causing it unnecessary delay and increasing its cost of litigation.  The Court found that the filing of the bankruptcy petition by Mr. Roberts was an act taken in bad faith and his misconduct was knowing and willful, given his involvement in the multiple state court proceedings set out more fully in the 9011 Order.  The hearing on October 5, 2010 was scheduled to address the question of whether sanctions should be imposed against Mr. Roberts, and, if so, the appropriate sanction to be issued.  The 9011 Order specifically stated that, "A failure to attend this hearing by Mr. Roberts will indicate to the Court a lack of opposition to the imposition of any of the sanctions referenced."

In considering the appropriate sanction to impose on Mr. Roberts, the Court is mindful of the provisions of Fed. R. Bankr. P. 9011(c)(2) which state, "A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."  Moreover, the Rule permits a sanction to consist of "directives of a non-monetary nature, [or] an order to pay a penalty into the court."  The American Bar Association has developed "Standards for Imposing Lawyer Sanctions" which the Court has reviewed and considered in connection with this ruling.  The ABA recommends a court consider the following factors: (a) the duty violated; (b) the lawyer's mental state; (c) the potential or actual injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors.

After considering the arguments of counsel present at the hearing and a review of the entire record as set forth in the 9011 Order, and incorporated herein, the Court concludes good cause has been shown for the imposition of sanctions on Mr. Roberts. Mr. Roberts' conduct in this case is egregious and his continued failure to respond to the Court in this matter is further evidence of his disregard for the Court and its rules and processes. Moreover, the pattern of Mr. Roberts' behavior in multiple cases filed in the Northern District of Georgia necessitates sanctions to deter future misconduct, and to protect the courts, the bankruptcy system, and the participants in it.

In analyzing the ABA factors, the Court finds that Mr. Roberts violated his duty to the legal system as a lawyer and to the Court as an attorney and officer of the Court. The violations of Mr. Roberts' duties as an attorney and officer of the Court include (i) filing the above-styled bankruptcy petition knowingly and willfully for an improper purpose, (ii) failing to comply with the Bankruptcy Code and Rules as to the numerous schedules, statements and information that are required to be filed and provided in connection with the filing of a bankruptcy case, and (iii) failing to appear in this Court on any matter scheduled in this Court including without limitation the hearing on the motion for sanctions held on August 26, 2010, and the continued hearing on the imposition of sanctions on October 5, 2010. As set forth more fully in the 9011 Order, the actions and inactions of Mr. Roberts were knowing and willful given his participation in the various state court proceedings where the courts consistently ruled the Debtor had no further rights to the property at issue.

Moreover, Mr. Roberts' actions and inactions in the bankruptcy court caused injuries. His conduct injured the bankruptcy system with the number of hearings held without Mr. Roberts' attendance and the amount of time spent by the United States Trustee in attempting to perform its duties with respect to the case. Mr. Roberts' conduct also injured the only creditor

identified by the Debtor, Ridgestone Bank. As set forth more fully in the 9011 Order, the filing of this bankruptcy case is part of a pattern of litigation with Ridgestone Bank, to thwart Ridgestone Bank's attempts to foreclose on certain property and to evict the Debtor and others from it. This litigation began in another bankruptcy case, and has involved multiple state court proceedings. The filing of this bankruptcy case necessitated additional efforts on the part of Ridgestone Bank to obtain relief from the automatic stay to continue its efforts to obtain possession of the property, thereby increasing Ridgestone Bank's legal costs.

Mr. Roberts' actions in this case unfortunately appear to be part of a pattern of behavior. As noted in the 9011 Order, Mr. Roberts has filed four (4) other cases in the Northern District of Georgia and, in each instance, only a skeletal petition has been filed with no pursuit of the underlying bankruptcy case. Based on the foregoing, the Court hereby imposes the following sanctions upon Grady A. Roberts individually:

1.  Mr. Roberts is ordered to pay a $1,000 fine into the registry of the Court within ten (10) days from the date of entry of this Order.

2.  Mr. Roberts is ordered to disgorge any and all fees received from any party with respect to his representation of this Debtor within ten (10) days of the date of entry of this Order. Such payment should be remitted to the party originally making the payment.

3.  Mr. Roberts is suspended from filing any bankruptcy cases under any chapter in the Northern District of Georgia for a period beginning as of October 5, 2010 and ending on the date which is the later of (i) April 5, 2011, or (ii) when Mr. Roberts certifies to the Court that he has completed twenty-five (25) hours of continuing legal education in the area of bankruptcy law, at least five (5) of which must qualify as ethics or professionalism hours and at least ten (10) of which must be specifically related to chapter 11 cases.

The foregoing sanctions are without prejudice to the consideration or imposition of additional sanctions in any of the other cases filed by Mr. Roberts in the Northern District of Georgia or to additional sanctions in this case should Mr. Roberts fail to comply herewith.

### ### END OF DOCUMENT ###